**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LEVON DEAN, JR., <br><br> Defendant. | No. CR13-4082-MWB <br><br> ***REPORT AND RECOMMENDATION ON MOTION TO DISMISS*** |

Defendant Levon Dean, Jr., has filed a motion (Doc. No. 70) to dismiss Counts 1, 2 and 3 of the superseding indictment for lack of jurisdiction. Plaintiff (the Government) has filed a resistance (Doc. No. 71). Judge Bennett has referred the motion to me for preparation of a report and recommended disposition. While Levon[1] has requested oral argument, that request is denied as the motion has been well-briefed by both parties. *See* L.R. 7(c). The motion is fully submitted.

## ***BACKGROUND***

On October 24, 2013, the Grand Jury returned a nine-count superseding indictment (Doc. No. 41) against Levon and two co-defendants (Jamal Dean and Sarah Berg). Levon is named in all counts except Count 8. The counts relevant to Levon's

---

[1] Because one co-defendant shares Mr. Dean's last name, I will refer to him herein by his first name to avoid confusion.

current motion are Count 1, conspiracy to commit robbery, and Counts 2 and 3, robbery. All three counts are brought pursuant to 18 U.S.C. § 1951 (the Hobbs Act).

The Government summarizes the pertinent factual allegations as follows:

> Sometime before April 15, 2013, Sarah Berg and others known and unknown to the grand jury, used methamphetamine J.R. provided and thus became aware that J.R. was a drug trafficker. At the time of the robbery J.R. was a drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3). The robbery impeded J.R. from drug trafficking, and depleted his resources of methamphetamine and United States currency used to acquire methamphetamine.
>
> Sometime before April 24, 2013, Jamal Dean, Levon Dean, and others known and unknown to the grand jury, used methamphetamine C.B. provided and thus became aware that C.B. was a drug trafficker. At the time of the robbery C.B. was a drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3). The robbery impeded C.B. from drug trafficking and depleted his resources of methamphetamine and United States currency used to acquire methamphetamine.

Doc. No. 71-1 at 1-2.

## *THE ARGUMENTS*

Levon argues that this court lacks jurisdiction over Counts 1, 2 and 3 because the Government cannot prove the alleged conduct had an actual impact on interstate commerce. He notes that the alleged victims, J.R. and C.B., are alleged to have been drug dealers, not business entities regularly engaged in interstate commerce. He cites cases holding that criminal acts directed solely at individuals do not have a substantial-enough effect on interstate commerce to provide federal jurisdiction under the Hobbs Act.

The Government argues that Counts 1 through 3 of the superseding indictment properly state offenses because those counts allege facts satisfying all of the essential elements of the charged offenses. The Government further contends that because the offense is properly stated, Levon's motion is an inappropriate pretrial challenge to the sufficiency of the Government's evidence.

## *ANALYSIS*

### I. *Does This Court Have Subject Matter Jurisdiction Over Counts 1 Through 3?*

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, the Grand Jury returned a superseding indictment against Levon that includes, *inter alia*, three counts based on alleged violations of the Hobbs Act, a federal criminal statute. *See* Superseding Indictment Counts 1-3. "Indictments are normally sufficient unless no reasonable construction can be said to charge the offense." *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1989). An indictment states an offense where it contains all the essential elements of the offense charged. *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012). In reviewing the sufficiency of an indictment, the court must accept the Government's allegations as true. *Id.* at 1107 n.2. Under these standards, there is no doubt that Counts 1 through 3 state offenses over which this court has subject matter jurisdiction.

And, in fact, while Levon couches his motion as one challenging this court's jurisdiction, he does not actually make that argument. Indeed, he agrees that Hobbs Act charges may properly be brought in federal court and that the Government is required to prove only a "minimal" effect on interstate commerce as an element of that claim. Doc. No. 70-1 at 3 (citing *United States v. Williams*, 308 F.3d 833, 837-88 (8th Cir.

2002)). It is clear from Levon's argument that he challenges the sufficiency of the evidence, not this court's jurisdiction. As such, to the extent Levon is claiming this court lacks jurisdiction over Counts 1 through 3, that claim has no merit.

## II. May Levon Challenge The Sufficiency Of The Evidence Prior To Trial?

Levon's actual argument, regardless of phrasing, is that the Government cannot establish the interstate commerce nexus that is required to secure a conviction under the Hobbs Act. He cites cases for the proposition that when the victim of an alleged offense is an individual, rather than a business entity, the impact on interstate commerce is less than apparent. Doc. No. 70-1 at 3-4. He then argues that under the alleged facts of this case, the Government cannot make the required showing that Levon's alleged actions had an actual effect on interstate commerce.

Levon is correct that an essential element of a Hobbs Act charge is a showing that the defendant's alleged conduct "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Thus, the Eighth Court Model Jury Instruction requires the Government to prove, *inter alia*, that "the defendant's action [obstructed] [delayed] [affected] [interstate] [foreign] commerce in some way or degree." *See* Eighth Circuit Model Criminal Jury Instruction 6.18.1951.[2] However, Levon's motion is simply premature. He seeks a pretrial ruling that the Government's evidence does not satisfy the interstate commerce requirement. In other words, he seeks the criminal procedure equivalent of an order granting summary judgment in his favor.

---

[2] The instruction then calls for a description of the specific manner(s) in which the Government contends interstate commerce has been affected in a particular case. *Id.*

No such procedure exists.  A defendant may file a pretrial motion to dismiss an indictment on various grounds.  *See, e.g.,* Fed. R. Crim. P. 12(b).  Those grounds may include, for example, double jeopardy, collateral estoppel and false testimony presented to the grand jury.  *See, e.g., United States v. Williams*, 720 F.3d 674, 700 (8th Cir. 2013).  However, sufficiency of the evidence is *not* one of those grounds.  Indeed, "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363–64 (1956)).  In other words, the Federal Rules of Criminal Procedure do not permit the functional equivalent of a motion for summary judgment, whereby a defendant may test the sufficiency of the Government's evidence in advance of trial.  *See, e.g., United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (citing cases); *accord United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995) ("There being no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case, *see* Fed.R.Civ.P. 56(c), the government has no duty to reveal all of its proof before trial.").

The sufficiency of the evidence may be tested by a motion for acquittal pursuant to Rule 29.  *Ferro*, 252 F.3d at 968 (citing *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000).  However, the first opportunity for such a motion is after the Government closes its evidence at trial.  Fed. R. Crim. P. 29(a).  Levon may not, prior to trial, require the Government to show that its evidence at trial will satisfy any, or all, of the essential elements of the charged offenses.  This proposition is illustrated by the cases Levon relies on, as each was decided based on the evidentiary record created at trial.  *See United States v. Quigley*, 53 F.3d 909 (8th Cir. 1995) (affirming district court's grant of defendant's post-trial Rule 29 motion); *United States v. Wang*, 222 F.3d

234 (6th Cir. 2000) (reversing defendant's conviction based on lack of evidence demonstrating an impact on interstate commerce); *United States v. Collins*, 40 F.3d 95 (5th Cir. 1994) (affirming convictions on some counts while reversing on others).

It could very well turn out that Levon will have a colorable argument that Counts 1 through 3 fail due to a lack of evidence supporting the interstate commerce element of a Hobbs Act charge. His current motion, however, is procedurally flawed. The sufficiency of the Government's evidence cannot be determined until, at the earliest, the Government has rested its case at trial. As such, I must recommend that Levon's motion be denied without prejudice to his right to move for judgment of acquittal at the appropriate time.

*Conclusion and Recommendation*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that the motion (Doc. No. 70) by defendant Levon Dean, Jr., to dismiss Counts 1 through 3 of the superseding indictment be **denied** without prejudice to his rights pursuant to Federal Rule of Criminal Procedure 29.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 3rd day of December, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE