# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR13-4082-MWB |
| vs. | **ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |
| LEVON DEAN, JR., | |
| Defendant. | |

_____

## I. INTRODUCTION AND BACKGROUND

On October 23, 2013, a Superseding Indictment was returned against defendant Levon Dean, Jr., charging him, and two co-defendants, with conspiracy to commit robbery, in violation of 18 U.S.C. § 1951 (Count 1), robbery and attempted robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 2 and 3), carjacking and aiding and abetting carjacking, in violation of 18 U.S.C. §§2119(1) and 2 (Counts 4 and 5), possessing and aiding and abetting the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§924(c)(1)(A)(ii), 924(c)(1)(C)(i) and 2, and being a felon and an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2).

On November 15, 2013, Dean filed a Motion to Dismiss Counts I, II, and III For Lack Of Jurisdiction. In his motion, Dean argues that this court lacks jurisdiction over Counts 1, 2, and 3 because the prosecution cannot prove the alleged conduct had an actual impact on interstate commerce. The prosecution filed a timely resistance to Dean's motion.

Dean's motion to dismiss was referred to United States Magistrate Judge Paul A. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand has filed a Report and Recommendation in which he recommends that Dean's motion to dismiss be denied without prejudice to his right to move for judgment of acquittal at the appropriate time. Judge Strand concluded that Levon's motion is premature because the prosecution is not required to reveal, prior to trial, that its evidence at trial will satisfy any, or all, of the essential elements of the charged offenses. Judge Strand noted that all of the cases Dean relied on in support of his motion were cases decided based on the evidentiary record created at trial. Therefore, Judge Strand concluded that the earliest that the sufficiency of the prosecution's evidence could be determined was when the prosecution had rested its case and recommended that Dean's motion be denied without prejudice. Neither the prosecution nor Dean have filed objections to Judge Strand's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and

2

recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City*

*of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Strand's Report and Recommendation and order that defendant Dean's Motion to Dismiss Counts I, II, and III For Lack Of Jurisdiction is **denied without prejudice to his right to renew it as a motion for judgment of aquittal at trial**.

      **IT IS SO ORDERED.**

      **DATED** this 2nd day of January, 2014.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA