IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 13-4082-MWB |
| | ) |
| Plaintiff, | ) **COUNT 1** (Conspiracy to commit |
| | ) robbery) |
| vs. | ) 18 U.S.C.§ 1951 |
| | ) |
| JAMAL DEAN, LEVON DEAN, and | ) **COUNTS 2 and 3** (Robbery) |
| SARAH BERG, | ) 18 U.S.C.§ 1951 |
| | ) 18 U.S.C. § 2 |
| Defendants. | ) |
| | ) **COUNTS 4 and 5** (Carjacking) |
| | ) 18 U.S.C.§ 2119(1) |
| | ) 18 U.S.C. § 2 |
| | ) |
| | ) **COUNTS 6 and 7** (Possession of a |
| | ) firearm in furtherance of a crime of |
| | ) violence) |
| | ) 18 U.S.C.§ 924(c)(1)(A)(ii) and (c)(1)(C)(i) |
| | ) 18 U.S.C. § 2 |
| | ) |
| | ) **COUNTS 8 and 9** (Prohibited person in |
| | ) possession of a firearm) |
| | ) 18 U.S.C. § 922(g)(1) and (3) |
| | ) 18 U.S.C. § 924(a)(2) |
| | ) |
| | ) **FORFEITURE ALLEGATION** |
| | ) 18 U.S.C. § 924(d)(1) and 28 U.S.C. § |
| | ) 2461(c) |

**SECOND SUPERSEDING INDICTMENT**

The Grand Jury charges:

## COUNT 1

INTRODUCTION

1. Sometime before April 15, 2013, SARAH BERG and others known and unknown to the grand jury, used methamphetamine J.R. provided and thus became aware that J.R. was a drug trafficker.

2. On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, armed with a semiautomatic Mossberg .22 caliber rifle, robbed J.R. of United States currency, methamphetamine, and other items of value in Sioux City, Iowa.

3. At the time of the robbery J.R. was a drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3).

4. The robbery impeded J.R. from drug trafficking, and depleted his resources of methamphetamine and United States currency used to acquire methamphetamine.

5. Sometime before April 24, 2013, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, used methamphetamine C.B. provided and thus became aware that C.B. was a drug trafficker.

6. On or about April 24, 2013, JAMAL DEAN and LEVON DEAN, and others known and unknown to the grand jury, armed with a semiautomatic Mossberg .22 caliber rifle, robbed C.B. of United States currency, methamphetamine, and other items of value in Sioux City, Iowa.

7. At the time of the robbery C.B. was a drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3).

8. The robbery impeded C.B. from drug trafficking and depleted his resources of methamphetamine and United States currency used to acquire methamphetamine.

THE OBJECTS OF THE CONSPIRACY

9. Beginning on a date unknown and continuing until about April 29, 2013 within the Northern District of Iowa and elsewhere, defendants, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, unlawfully, willfully, and knowingly, combined, conspired, and agreed to unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, did unlawfully take and obtain methamphetamine, United States currency, and other property from J.R. and C.B. (who were then drug traffickers

whose drug trade affected commerce) against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.

THE MANNER AND MEANS OF THE CONSPIRACY

    10. The conspiracy was accomplished in the following ways, among others:

        A. JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, targeted individual drug traffickers for robbery.

        B. JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury robbed individual drug traffickers of methamphetamine, United States currency, and other property.

        C. JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury knowingly possessed and brandished a semiautomatic Mossberg .22 caliber rifle, and aided and abetted the possession and brandishing of the firearm, in furtherance of the robberies.

OVERT ACTS

    11. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Iowa and elsewhere:

April 15, 2013 Robbery of J.R.

A.  Sometime before April 15, 2013, JAMAL DEAN and LEVON DEAN acquired a semiautomatic Mossberg .22 caliber rifle and ammunition.

B.  Sometime before April 15, 2013, JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury, discussed robbing individual drug traffickers.

C.  Sometime before April 15, 2013, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, began identifying individual drug traffickers that could be robbed.

D.  On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, traveled – with the semiautomatic Mossberg .22 caliber rifle – from a house within South Sioux City, Nebraska to J.R.'s motel room at the Palmer House Motel in Sioux City, Iowa.

E.  On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, entered – with the semiautomatic Mossberg .22 caliber rifle – J.R.'s Palmer House Motel room in Sioux City, Iowa.

F.  On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury, demanded "drugs and money" from J.R.

G.  On or about April 15, 2013, JAMAL DEAN struck J.R. with the semiautomatic Mossberg .22 caliber rifle.

H.  On or about April 15, 2013, JAMAL DEAN threatened to shoot J.R. with the semiautomatic Mossberg .22 caliber rifle if J.R. did not surrender his methamphetamine, United States currency, and other items of value.

I.  On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury, took and attempted to take methamphetamine, United States currency, and other property from J.R.

J.  On or about April 15, 2013, JAMAL DEAN, LEVON DEAN, and SARAH BERG, and others known and unknown to the grand jury, returned to South Sioux City, Nebraska after the robbery of J.R.

April 24, 2013 Robbery of C.B.

K.  On or about April 24, 2013, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, traveled – with the semiautomatic Mossberg .22 caliber rifle – from a house

within South Sioux City, Nebraska to C.B.'s residence in Sioux City, Iowa.

L. On or about April 24, 2013, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, entered – with the semiautomatic Mossberg .22 caliber rifle – C.B.'s residence in Sioux City, Iowa.

M. On or about April 24, 2013, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, demanded that C.B. turn his pockets out and empty his pockets.

N. On or about April 24, 2013, LEVON DEAN gestured to JAMAL DEAN, who was carrying the semiautomatic Mossberg .22 caliber rifle, and indicated to C.B. that he (LEVON DEAN) and JAMAL DEAN were seriously threatening C.B. and not playing around.

O. On or about April 24, 2013, JAMAL DEAN struck C.B. with the semiautomatic Mossberg .22 caliber rifle.

P. On or about April 24, 2013, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, took, and attempted to take, methamphetamine, United States currency, and other property from C.B.

Q. On or about April 24, 2013, JAMAL DEAN, LEVON DEAN and others known and unknown to the grand jury, returned to South Sioux City, Nebraska after the robbery of C.B.

This was in violation of Title 18, United States Code, Section 1951.

COUNT 2

At all times material to this Indictment J.R. was an individual drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3).

On or about April 15, 2013, in the Northern District of Iowa, defendants, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, did unlawfully take and obtain, and attempted to unlawfully take and obtain, methamphetamine, United States currency, and other property from J.R. (who was then an individual drug trafficker whose drug trade affected commerce) against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

This was in violation of Title 18, United States Code, Sections 2 and 1951.

## COUNT 3

At all times material to this Indictment C.B. was an individual drug trafficker whose drug trade affected commerce as commerce is defined in Title 18 United States Code Section 1951(b)(3).

On or about April 24, 2013, in the Northern District of Iowa, defendants, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, did unlawfully take and obtain, and attempted to unlawfully take and obtain, methamphetamine, United States currency, and other property from C.B. (who was then an individual drug trafficker whose drug trade affected commerce) against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

This was in violation of Title 18, United States Code, Sections 2 and 1951.

## COUNT 4

On or about April 15, 2013, in the Northern District of Iowa defendants, JAMAL DEAN, LEVON DEAN, and SARAH BERG took a motor vehicle (*i.e.*, a 2011 Kia Optima), and aided and abetted the taking of a vehicle, that had been

transported, shipped, and received in interstate and foreign commerce from and in the presence of J.R. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Sections 2 and 2119(1).

## COUNT 5

On or about April 24, 2013, in the Northern District of Iowa defendants, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, took a motor vehicle (*i.e.*, a 2000 Chevrolet Impala and a 1998 Chevrolet Malibu), and aided and abetted the taking of a vehicle, that had been transported, shipped, and received in interstate and foreign commerce from and in the presence of C.B. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Sections 2 and 2119(1).

## COUNT 6

On or about April 15, 2013, in the Northern District of Iowa, defendants, JAMAL DEAN, LEVON DEAN, SARAH BERG, and others known and unknown to the grand jury, knowingly possessed and brandished a semiautomatic Mossberg .22 caliber rifle, and aided and abetted the possession and brandishing of the firearm, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, an April 15, 2013 interference of commerce by robbery as charged in Count 2 of this Indictment **and** an April 15, 2013 carjacking as charged in Count 3 of this Indictment.

This was in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(ii).

## COUNT 7

On or about April 24, 2013, in the Northern District of Iowa, defendants, JAMAL DEAN, LEVON DEAN, and others known and unknown to the grand jury, knowingly possessed and brandished a semiautomatic Mossberg .22 caliber rifle, and aided and abetted the possession and brandishing of the firearm, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, an April 24, 2013 interference of commerce by robbery as charged in Count 3 of this Indictment **and** an April 24, 2013 carjacking as charged in Count 5 of this Indictment.

This was in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(ii) and (c)(1)(C)(i).

## COUNT 8

On or about March 11, 2012, in the Northern District of Iowa and elsewhere, defendant, JAMAL DEAN, knowingly possessed in and affecting interstate commerce ammunition and a firearm, that is, a .45 caliber handgun, unknown make and model, and R and P .45 caliber ammunition. Defendant JAMAL DEAN had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony conviction for possession with intent to deliver a controlled substance - marijuana, in Woodbury County, Iowa, Case Number FECR055425, on or about July 7, 2009.

This was a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 9

Sometime before April 15, 2013 and continuing until about April 29, 2013, in the Northern District of Iowa and elsewhere, defendants, JAMAL DEAN, LEVON DEAN, and SARAH BERG knowingly possessed in and affecting interstate commerce a firearm, that is, a semiautomatic Mossberg .22 caliber rifle and ammunition, and aided and abetted the possession of a semiautomatic Mossberg .22 caliber rifle and ammunition.

Defendant JAMAL DEAN had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, (1) a felony conviction for possession with intent to deliver a controlled substance - marijuana, in Woodbury County, Iowa, Case Number FECR055425, on or about July 7, 2009, and (2) conviction for Possession of a Deadly Weapon by a Prohibited Person, a Class III Felony, in the Dakota County Nebraska District Court, Case No. CR 12-53 on or about July 25, 2012.

Defendant SARAH BERG had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony conviction for burglary in the third degree in Plymouth County, Iowa, Case Number FECR008843, on or about November 10, 1998.

Defendant LEVON DEAN had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony conviction for possession with intent to deliver a controlled substance, in Woodbury County, Iowa, Case Number FECR 055403, on or about March 27, 2007.

Defendants JAMAL DEAN, LEVON DEAN, and SARAH BERG were then unlawful users of a controlled substance (*i.e.*, methamphetamine and marijuana) as defined in 21 U.S.C. Sec. 802.

This was a violation of Title 18, United States Code, Sections 922(g)(1) and (3) and 924(a)(2).

## FORFEITURE ALLEGATION

By virtue of having committed the acts specified in Counts 6, 7, 8, and 9 of this Indictment, defendants, JAMAL DEAN, LEVON DEAN and SARAH BERG shall forfeit to the United States any firearms or ammunition involved in or used in the knowing violation of Title 18, United States Code Section 924(c)(1)(A) as alleged in Counts 6 and 7 of the indictment, and any firearms or ammunition involved in or used in the knowing violation of Title 18, United Stats Code Section 922(g)(1) and (3) as alleged in Counts 8 and 9, including but not limited to the firearms and ammunition listed above.

This pursuant to Title 18, United States Code, Section 924(d)(1) and 28 United States Code Section 2461(c).

KEVIN W. TECHAU
United States Attorney

By: /signature/

FORDE FAIRCHILD
Assistant United States Attorney

A TRUE BILL

/s/

Foreperson
Dated: 3-18-2014

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
And filed MAR 1 9 2014
ROBERT L. PHELPS, CLERK