Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## DEAN *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 15–9260.  Argued February 28, 2017—Decided April 3, 2017

Petitioner Dean and his brother committed two robberies of drug dealers. During each robbery, Dean's brother threatened and assaulted the victim with a gun, while Dean searched the premises for valuables. Dean was convicted of multiple robbery and firearms counts, as well as two counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U. S. C. §924(c). Section 924(c) criminalizes using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, or possessing a firearm in furtherance of such an underlying crime. That provision mandates a distinct penalty to be imposed "in addition to the punishment provided for [the predicate] crime," §924(c)(1)(A). Further, §924(c) says that any sentence mandated by that provision must run consecutively to "any other term of imprisonment imposed on the person," including any sentence for the predicate crime, §924(c)(1)(D)(ii). A first conviction under §924(c) carries a five-year mandatory minimum penalty, §924(c)(1)(A)(i), while a second conviction carries an additional 25-year mandatory minimum, §924(c)(1)(C)(i). For Dean, that meant a 30-year mandatory minimum, to be served after and in addition to any sentence he received for his other counts of conviction.

At sentencing, Dean urged the District Court to consider his lengthy mandatory minimum sentences when calculating the sentences for his other counts and to impose concurrent one-day sentences for those counts. The judge said he would have agreed to Dean's request but understood §924(c) to preclude a sentence of 30 years plus one day. On appeal, Dean argued that the District Court had erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences he would receive under §924(c). The Court of Appeals ruled that Dean's argument was

foreclosed by Circuit precedent and that his sentence was otherwise substantively reasonable.

*Held*: Section 924(c) does not prevent a sentencing court from considering a mandatory minimum imposed under that provision when calculating an appropriate sentence for the predicate offense. Pp. 3–8.

  (a) Sentencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence, and they continue to do so even as federal laws have required them to evaluate certain factors when exercising their discretion. *Pepper* v. *United States*, 562 U. S. 476, 487–489. Section 3553(a) specifies the factors courts are to consider when imposing a sentence. They include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed" to serve the four overarching aims of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. The §3553(a) factors are used to set both the length of separate prison terms, §3582(a), and an aggregate prison term comprising separate sentences for multiple counts of conviction, §3584(b). As a general matter, these sentencing provisions permit a court imposing a sentence on one count of conviction to consider sentences imposed on other counts.

  The Government argues that district courts should calculate the appropriate term of imprisonment for each individual offense, disregarding whatever sentences a defendant may face on other counts. Only when determining an aggregate prison sentence, the Government maintains, should a district court consider the effect of those other sentences. Nothing in the law requires such an approach. There is no reason that the §3553(a) factors may not also be considered when determining a prison sentence for each individual offense in a multicount case. The Government's interpretation is at odds not only with the text of those provisions but also with the Government's own practice in "sentencing package cases." *Greenlaw* v. *United States*, 554 U. S. 237, 253. Pp. 3–6.

  (b) The Government points to two limitations in §924(c) that, in its view, restrict the authority of sentencing courts to consider a sentence imposed under §924(c) when calculating a just sentence for the predicate count. Neither limitation supports the Government's position. First, that a mandatory sentence under §924(c) must be imposed "in addition to the punishment provided" for the predicate crime says nothing about the length of a non-§924(c) sentence, much less about what information a court may consider in determining that sentence. Second, nothing in the requirement of consecutive sentences prevents a district court from imposing a 30-year mandatory minimum sentence under §924(c) and a one-day sentence for the predi-

Appellate Case: 15-1263     Page: 2     Date Filed: 04/11/2017 Entry ID: 4523101

cate crime, provided those terms run one after the other.

The Government would, in effect, have this Court read into §924(c) the limitation explicitly made in §1028A(b)(3), which provides that in determining the appropriate length of imprisonment for a predicate felony, "a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section."  But "[d]rawing meaning from silence is particularly inappropriate" where, as demonstrated in §1028A, "Congress has shown that it knows how to direct sentencing practices in express terms."  *Kimbrough* v. *United States*, 552 U. S. 85, 103. Pp. 6–8.

810 F. 3d 521, reversed and remanded.

ROBERTS, C. J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports.  Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 15–9260
_____

## LEVON DEAN, JR., PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[April 3, 2017]

CHIEF JUSTICE ROBERTS delivered the opinion of the
Court.

Congress has made it a separate offense to use or pos-
sess a firearm in connection with a violent or drug traffick-
ing crime.  18 U. S. C. §924(c).  That separate firearm
offense carries a mandatory minimum sentence of five
years for the first conviction and 25 years for a second.
Those sentences must be in addition to and consecutive to
the sentence for the underlying predicate offense.  The
question presented is whether, in calculating the sentence
for the predicate offense, a judge must ignore the fact that
the defendant will serve the mandatory minimums im-
posed under §924(c).

## I

Levon Dean, Jr., and his brother robbed a methamphet-
amine dealer in a Sioux City motel room.  Less than two
weeks later, they robbed another drug dealer at his home.
During each robbery, Dean's brother threatened the victim
with a modified semiautomatic rifle, later using that rifle
to club the victim on the head.  Dean, meanwhile, ran-
sacked the area for drugs, money, and other valuables.

A federal grand jury returned a multicount indictment

charging Dean and his brother with a host of crimes related
to the two robberies. Following a joint trial, a jury con-
victed Dean of one count of conspiracy to commit robbery,
two counts of robbery, and one count of possessing a fire-
arm as a convicted felon. He was also convicted of two
counts of possessing and aiding and abetting the posses-
sion of a firearm in furtherance of a crime of violence, in
violation of 18 U. S. C. §§2 and 924(c). Section 924(c)
criminalizes using or carrying a firearm during and in
relation to a crime of violence or drug trafficking crime, or
possessing a firearm in furtherance of such an underlying
crime. There is no dispute that Dean's two robbery convic-
tions qualified as predicate crimes of violence for purposes
of §924(c).

Section 924(c) does more than create a distinct offense.
It also mandates a distinct penalty, one that must be
imposed "*in addition to* the punishment provided for [the
predicate] crime of violence or drug trafficking crime."
§924(c)(1)(A) (emphasis added). A first-time offender
under §924(c) receives a five-year mandatory minimum. A
"second or subsequent conviction" under §924(c) carries an
additional 25-year mandatory minimum. §§924(c)(1)(A)(i),
(C)(i).

A sentence imposed under §924(c) must run consecutively
to "any other term of imprisonment imposed on the
person," including any sentence for the predicate crime
"during which the firearm was used, carried, or pos-
sessed." §924(c)(1)(D)(ii). For Dean, this meant a 30-year
mandatory minimum, to be served after and in addition to
any sentence he received for his other counts of conviction.

At sentencing Dean did not dispute that each of his four
other counts resulted in a sentencing range of 84–105
months under the Sentencing Guidelines. He argued,
however, that the court should consider his lengthy man-
datory minimum sentences when calculating the sentences
for his other counts, and impose concurrent one-day sen-

tences for those counts.

Finding that Dean was "clearly the follower" and that he lacked "any significant history of any violence," the District Judge agreed that 30 years plus one day was "more than sufficient for a sentence in this case." App. 26. Yet the judge understood §924(c) to preclude such a sentence. In his view, he was required to disregard Dean's 30-year mandatory minimum when determining the appropriate sentences for Dean's other counts of conviction. Viewed on their own—and not as part of a combined package—those counts plainly warranted sentences longer than one day. In the end, the judge still granted a significant downward variance from the 84–105 month Guidelines range. Dean received concurrent sentences of 40 months for each non-§924(c) conviction, which, when added to his 360-month mandatory minimum, yielded a total sentence of 400 months. Dean appealed.

Before the Eighth Circuit, Dean argued that the District Court had erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences he would receive under §924(c). The Court of Appeals disagreed, ruling that Dean's argument was foreclosed by Circuit precedent and that his sentence was otherwise substantively reasonable. 810 F. 3d 521 (2015). We granted certiorari. 580 U. S. ___ (2016).

## II

Sentencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence. *Pepper* v. *United States*, 562 U. S. 476, 487–489 (2011). This durable tradition remains, even as federal laws have required sentencing courts to evaluate certain factors when exercising their discretion. *Ibid.*

### A

Section 3553(a) of Title 18 specifies the factors courts

are to consider in imposing a sentence. The list of factors
is preceded by what is known as the parsimony principle,
a broad command that instructs courts to "impose a sen-
tence sufficient, but not greater than necessary, to comply
with" the four identified purposes of sentencing: just pun-
ishment, deterrence, protection of the public, and rehabili-
tation. *Ibid.* A sentencing court is then directed to take
into account "the nature and circumstances of the offense
and the history and characteristics of the defendant," as
well as "the need for the sentence imposed" to serve the
four overarching aims of sentencing. §§3553(a)(1), (2)(A)–
(D); see *Gall* v. *United States*, 552 U. S. 38, 50, n. 6 (2007).
The court must also consider the pertinent guidelines and
policies adopted by the Sentencing Commission.
§§3553(a)(4), (5); see *id.*, at 50, n. 6.

The §3553(a) factors are used to set both the length of
separate prison terms and an aggregate prison term com-
prising separate sentences for multiple counts of convic-
tion. Under §3582 a court, "in determining whether to
impose a term of imprisonment, and, if a term of impris-
onment is to be imposed, in determining the length of the
term, shall consider the factors set forth in section
3553(a)." §3582(a). And §3584 provides: "[I]n determining
whether the terms imposed are to be ordered to run con-
currently or consecutively, [the court] shall consider, as to
each offense for which a term of imprisonment is being
imposed, the factors set forth in section 3553(a)."
§3584(b).

As a general matter, the foregoing provisions permit a
court imposing a sentence on one count of conviction to
consider sentences imposed on other counts. Take the
directive that a court assess "the need for the sentence
imposed . . . to protect the public from further crimes of
the defendant." §3553(a)(2)(C). Dean committed the two
robberies at issue here when he was 23 years old. That he
will not be released from prison until well after his fiftieth

birthday because of the §924(c) convictions surely bears on whether—in connection with his predicate crimes—still more incarceration is necessary to protect the public. Likewise, in considering "the need for the sentence imposed . . . to afford adequate deterrence," §3553(a)(2)(B), the District Court could not reasonably ignore the deterrent effect of Dean's 30-year mandatory minimum.

According to the Government, this is not how sentencing is meant to work. Rather, district courts should calculate the appropriate term of imprisonment for each individual offense. That determination, insists the Government, disregards whatever sentences the defendant may also face on other counts. Not until deciding whether to run sentences consecutively or concurrently—*i.e.,* not until applying §3584—should a district court consider the effect of those other sentences. Brief for United States 21–26.

Nothing in the law requires such an approach. The Government states that the §3553(a) factors are "normally relevant in determining the total length of imprisonment" under §3584. *Id.*, at 28. No doubt they are. But there is no reason they may not also be considered at the front end, when determining a prison sentence for each individual offense in a multicount case.

At odds with the text, the Government's interpretation is also at odds with its own practice in "sentencing package cases." *Greenlaw* v. *United States*, 554 U. S. 237, 253 (2008). "Those cases typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction." *Ibid.* In those cases—including ones where §924(c) convictions are invalidated—the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. See *United States* v. *Smith*, 756 F. 3d 1179, 1188–1189, and n. 5 (CA10 2014) (collecting cases). And appellate courts

routinely agree.  *Id.*, at 1189, and n. 6 (same).  As we understand it, the Government's theory in those cases is that the district court may have relied on a now-vacated conviction when imposing sentences for the other counts. But that theory of course directly contradicts the position the Government now advances—that district courts must determine sentences independently of one another, accounting for multiple sentences only when deciding whether to stack them or run them concurrently.

### B

Nothing in §924(c) restricts the authority conferred on sentencing courts by §3553(a) and the related provisions to consider a sentence imposed under §924(c) when calculating a just sentence for the predicate count.

The Government points to two limitations in §924(c). First, the Government notes, a mandatory sentence under §924(c) must be imposed "*in addition to* the punishment provided" for the predicate crime.  §924(c)(1)(A) (emphasis added).  This limitation says nothing about the length of a non-§924(c) sentence, much less about what information a court may consider in determining that sentence.  Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of §924(c) so long as it imposes the mandatory minimum "in addition to" the sentence for the violent or drug trafficking crime.

Second, §924(c) states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the [predicate] crime during which the firearm was used, carried, or possessed."  §924(c)(1)(D)(ii).  Nothing in that language prevents a district court from imposing a 30-year mandatory minimum sentence under §924(c) and a one-day sentence for the predicate violent or drug

trafficking crime, provided those terms run one after the other. The Government emphasizes that the requirement of consecutive sentences removes the discretion to run sentences concurrently that district courts exercise under §3584. We agree. So does Dean, for that matter. But we fail to see the significance of the point. The bar on imposing concurrent sentences does not affect a court's discretion to consider a mandatory minimum when calculating each individual sentence.

The Government would, in effect, have us read an additional limitation into §924(c): Where §924(c) says "in addition to the punishment provided for [the predicate] crime of violence," what the statute *really* means is "in addition to the punishment provided for [the predicate] crime of violence *in the absence of a Section 924(c) conviction*." See Reply Brief 2. We have said that "[d]rawing meaning from silence is particularly inappropriate" where "Congress has shown that it knows how to direct sentencing practices in express terms." *Kimbrough* v. *United States*, 552 U. S. 85, 103 (2007). Congress has shown just that in another statute, 18 U. S. C. §1028A. That section, which criminalizes the commission of identity theft "during and in relation to" certain predicate felonies, imposes a mandatory minimum sentence "in addition to the punishment provided for" the underlying offense. §1028A(a)(1). It also says that the mandatory minimum must be consecutive to the sentence for the underlying offense. §1028A(b)(2). So far, §1028A tracks §924(c) in relevant respects. But §1028A goes further: It provides that in determining the appropriate length of imprisonment for the predicate felony "a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section." §1028A(b)(3). Section 1028A says just what the Government reads §924(c) to say—of course, without

*actually* saying it.

The Government responds that §1028A was passed in 2004, long after Congress enacted the 1984 amendments creating the current sentencing regime in §924(c). Brief for United States 46. True. But §1028A confirms that it would have been easy enough to make explicit what the Government argues is implicit in §924(c). It also underscores that for over a decade Congress has been aware of a clear way to bar consideration of a mandatory minimum, but never during that time changed the language of §924(c) to mirror that of §1028A, even as it has amended other aspects of §924(c).

*        *        *

The Government speaks of Congress's intent to prevent district courts from bottoming out sentences for predicate §924(c) offenses whenever they think a mandatory minimum under §924(c) is already punishment enough. But no such intent finds expression in the language of §924(c). That language simply requires any mandatory minimum under §924(c) to be imposed "in addition to" the sentence for the predicate offense, and to run consecutively to that sentence. Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under §924(c) when calculating an appropriate sentence for the predicate offense.

The judgment of the United States Court of Appeals for the Eighth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*