# UNITED STATES DISTRICT COURT
Northern District of Iowa

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| LEVON DEAN, JR. | Case Number: 0862 5:13CR04082-002 |
| | USM Number: 13171-029 |

**Date of Original Judgment:** January 23, 2015
(Or Date of Last Amended Judgment)

Alan G. Stoler
Defendant's Attorney

**Reason for Amendment:**

☒ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence Pursuant to the Motion Filed on
  at Document No.
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
☒ was found guilty on count(s) 1, 2, 3, 6, 7, and 9 of the Third Superseding Indictment filed on April 16, 2014
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951 | Conspiracy to Interfere With Commerce by Robbery | 04/24/2013 | 1 |
| 18 U.S.C. §§ 1951 and 2 | Interference With Commercy by Robbery | 04/15/2013 | 2 |
| 18 U.S.C. §§ 1951 and 2 | Interference With Commerce by Robbery | 04/24/2013 | 3 |

*Additional Counts on Following Page*

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) 4, 5, and 10 of the Third Superseding Indictment

☒ Count(s) 11 of the Third Superseding Indictment ☒ is ☐ are dismissed on the motion of the United States.
*(For Jury Trial purposes Count 10 was changed to Count 9 and Count 11 was changed to Count 10.)*

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2017
Date of Imposition of Judgment

*/s/ Mark W. Bennett*
Signature of Judge

Mark W. Bennett
U.S. District Court Judge
Name and Title of Judge

7.17.17
Date

DEFENDANT: LEVON DEAN, JR.
CASE NUMBER: 0862 5:13CR04082-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C)(i), and 2 | Possession of a Firearm in Furtherance of a Crime of Violence | 04/15/2013 | 6 |
| 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C)(i), and 2 | Possession of a Firearm in Furtherance of a Crime of Violence | 04/24/2013 | 7 |
| 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2) | Felon in Possession of a Firearm | 04/29/2013 | 9 *(Reflected as Count 8 for Jury Trial Purposes)* |

DEFENDANT: **LEVON DEAN, JR.**
CASE NUMBER: **0862 5:13CR04082-002**

# IMPRISONMENT

☒ The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
***360 months and 1 day. This term of imprisonment consists of 1 day imposed on Counts 1, 2, 3, and 9 to be served concurrently with each other; 60 months imposed on Count 6, to be served consecutively to all other counts; and 300 months imposed on Count 7 of the Third Superseding Indictment, to be served consecutively to all other counts.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**That the defendant be designated to USP Leavenworth, Kansas; or to a Bureau of Prisons facility as close to Sioux City, Iowa, as possible, commensurate with the defendant's security and custody classification needs**

**That the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment Program or an alternate substance abuse treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **LEVON DEAN, JR.**
CASE NUMBER: **0862 5:13CR04082-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : <u>3 years. This term of supervised release consists of a 3-year term imposed on each of Counts 1, 2, 3, 6, 7, and 9 of the Third Superseding Indictment, to be served concurrently.</u>

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: LEVON DEAN, JR.
CASE NUMBER: 0862 5:13CR04082-002

## SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the U.S. Probation Office:*

1) The defendant must participate in and successfully complete a program of testing and treatment for substance abuse.

2) The defendant must not use alcohol nor enter bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.

3) The defendant must participate in a mental health evaluation and/or treatment program. The defendant must take all medications prescribed to the defendant by a licensed psychiatrist or physician.

4) If not employed at a regular lawful occupation, as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

5) The defendant must not knowingly associate with any member, prospect, or associate member of any gang without the prior approval of the United States Probation Office. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of a gang, the Court will presume that this association was for the purpose of participating in gang activities.

6) The defendant must not have contact during the defendant's term of supervision with the victims set forth in paragraph 10 of the presentence report, in person or by a third party. This includes no direct or indirect contact by telephone, mail, email, or by any other means.

7) The defendant must submit to a search of the defendant's person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant must warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the United States Marshals Service.

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
Defendant                   Date


_____  _____
U.S. Probation Officer/Designated Witness   Date

DEFENDANT: **LEVON DEAN, JR.**
CASE NUMBER: **0862 5:13CR04082-002**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 600 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: **LEVON DEAN, JR.**
CASE NUMBER: **0862 5:13CR04082-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $ __600__ due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.